### LOVELESS *v.* MANHATTAN RY. CO.

*(Superior Court of New York City, General Term.*  May 6, 1889.)

1. EVIDENCE—OPINION EVIDENCE.
   The question, "What have you to say on the testimony you have heard?" on a certain subject, propounded to a witness, is properly excluded, as the general opinion of a witness as to the testimony is not evidence.
2. SAME—WEIGHT OF EVIDENCE.
   It is incompetent for a witness to testify as to whether certain testimony given on the trial satisfied his mind concerning the fact in issue, as it is for the jury to weigh the evidence.

Appeal from jury term.

Action by Edwin H. Loveless against the Manhattan Railway Company for personal injuries sustained through defendant's negligence.  On the trial it appeared that plaintiff after purchasing his ticket started to board one of defendant's trains, but, before reaching the platform, he slipped and fell in the passage-way, where slush and snow had accumulated, and ruptured the internal ligament of his knee-joint.  Defendant appeals from a judgment entered on the verdict of the jury in favor of the plaintiff.

Argued before SEDGWICK, C. J., and FREEDMAN and O'GORMAN, JJ.

*Davies & Rapallo,* (*Howard Townsend,* of counsel,) for appellant.  *Arnoux, Ritch & Woodford,* (*Haley Fiske,* of counsel,) for respondent.

SEDGWICK, C. J.  The action was for damages from alleged negligence of defendant's servants.  The question that on the trial was asked of plaintiff when a witness, and that defendant's counsel objected to, and that related to the declarations of Dr. Freer, was not answered, and the next question asked by the court, which was different substantially from the first question, was not objected to.  Dr. Stimson, a witness on behalf of defendant, testified on direct examination that he had heard the testimony that there was a rupture of certain ligaments of plaintiff's leg.  The next question was: "What have you to say on the testimony you have heard on that subject?"  This question was properly excluded, for his general opinion as to the testimony was not evidence.  The next question was properly overruled.  It was: "Does the testimony you have heard on that subject satisfy your mind as to the existence of any such double rupture?"  The witness was here asked to weigh the evidence he had heard.  This was the office of the jury.  Beyond this it did not appear from the question what evidence the witness had heard, or as to what part of the testimony the question was pointed.  The learned counsel for the appellant has urged that the complaint should have been dismissed, under the law of the case of *Kelley* v. *Railway Co.*, 20 N. E. Rep. 383.  The cited case sustains the law as charged by the court below; and the facts of this case differ from the facts in the *Kelley Case* in such respects that the judge below was correct in not dismissing the complaint.  Judgment affirmed, with costs.  All concur.